Argued March 13, decided April 2, 1912.

## CITY OF SALEM *v.* HOME TELEPHONE AND TEL. CO.

[122 Pac. 290.]

TELEGRAPHS AND TELEPHONES—DUTY TO INSTALL AND OPERATE.

A city ordinance gave the city's consent to the assignment by a telegraph company of its franchise, provided for the installation of a telephone system before a certain date, and required the filing of a bond by the assignee before the ordinance should become effective. No assignment was made, no system installed, and no bond filed by the proposed assignee, although a bond was filed by the company holding the franchise. *Held,* that the city had no right of action on this bond for failure to install the system; the ordinance by its terms not having become effective.

From Marion:   GEORGE H. BURNETT, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is an action by the City of Salem, against the Home Telephone and Telegraph Company of Portland, Oregon, a corporation, and the American Surety Company of New York, a corporation.   The facts are as follows:

On November 27, 1905, Ordinance No. 468 was passed by plaintiff, granting to charles E. Sumner, his successors and assigns, a franchise for the installing and operation of a telephone system in the city of Salem. Among other conditions it was provided that the grantee, Sumner, should, within 30 days from the acceptance by him of the franchise, file with the recorder of Salem a bond in the sum of $5,000, conditioned that he would, within 18 months thereafter, have in good working order a telephone system comprising not less than 400 automatic telephones.   Sumner accepted the franchise, filed the bond, and on April 21, 1906, assigned the franchise to the Home Telephone & Telegraph Company of Portland. On December 21, 1908, the council passed Ordinance No. 595, entitled:

"A bill for an ordinance granting to the Home Telephone & Telegraph Company of Portland, Oregon, the right to extend the time for the completion of the telephone system and exchange, to be constructed under ordinance number 468 of the ordinances of the city of

Salem, Oregon, and the authority to assign all rights and privileges granted thereunder."

The ordinance was approved by the mayor on January 5, 1909, and is substantially as follows:

"Section 1. The consent of said common council is hereby given to the Home Telephone & Telegraph Company of Portland, Oregon, to assign all its rights and privileges that said company now holds and enjoys under and by virtue of ordinance No. 468 of the ordinances of said city, provided, however, said assignment shall be to a corporation organized under the laws of the State of Oregon, and known as the Salem Home Telephone & Telegraph Company of Salem, Oregon, and the assignee herein referred to shall construct and operate said telephone system under and in pursuance of the provisions of said ordinance No. 468, except as hereinafter provided.

"Sec. 2. That the telephone system and exchange provided for in said ordinance shall be installed and in good working order, and comprising not less than four hundred telephones, on or before the first day of September, 1909.

"Sec. 3. This ordinance shall not become effective until the assignee herein files with the recorder of the city of Salem, a good and sufficient bond in the sum of ($5,000.00) five thousand dollars, to be approved by the mayor of said city, which said bond shall be so filed on or before ten days after the passage of this ordinance and its approval by the mayor."

Within 10 days, the Home Telephone & Telegraph Company filed a bond for the performance of this condition. No assignment was made to the Salem Home Telephone & Telegraph Company, and no telephone system was installed. The city commenced an action against the Home Telephone & Telegraph Company to recover upon the bond last given, and, a general demurrer to the company being sustained, plaintiff appeals.

AFFIRMED.

For appellant there was a brief over the names of *Mr. Grant Corby,* City Attorney, *Mr. John H. McNary* and *Mr. Charles L. McNary,* with oral arguments by *Mr. Corby* and *Mr. John H. McNary.*

For respondents there was a brief over the names of *Mr. Richard W. Montague* and *Messrs. Kollock & Zollenger*, with an oral argument by *Mr. Montague.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

Ordinance No. 595 evidently contemplates that the proposed Salem Home Telephone & Telegraph Company should give the bond, and the ordinance could not, by its terms, become effective until such bond was filed. The filing of a bond by the Home Telephone & Telegraph Company could not render the ordinance effective, and the conditions remain the same as though it had never been passed.

The ruling of the circuit court was correct, and the judgment is affirmed.                                   AFFIRMED.

MR. JUSTICE BURNETT took no part in this decision.