### No. 11,395.

### MILLER *v.* MILLER.

Decided March 1, 1926.

Proceeding involving contempt for non-payment of alimony. Defendant committed.

### *Reversed.*

1. DIVORCE AND ALIMONY—*Alimony—Inability to Pay.* A party cannot be imprisoned for failure to pay alimony where it clearly and satisfactorily appears that he is absolutely unable to perform the acts required of him at the time the order of commitment is made.

2. *Alimony—Contempt—Commitment Without Hearing.* It is reversible error for a court to commit a party for failure to comply with an order for the payment of alimony, without giving him an opportunity to be heard and produce evidence in support of his verified answer alleging inability to pay.

*Error to the District Court of Garfield County, Hon. John T. Shumate, Judge.*

Mr. FRANK DELANEY, for plaintiff in error.

Mr. S. N. Wheeler, Mr. S. Harrison White, for defendant in error.

*En banc.*

Mr. Justice Sheafor delivered the opinion of the court.

Defendant in error, plaintiff in the court below, brought suit against her husband, plaintiff in error, defendant there, to obtain a divorce. The parties will be referred to here as in the trial court. From an order committing defendant to jail for contempt in not complying with an order of the court requiring him to pay temporary alimony, he brings the case here and applies for a supersedeas.

We have examined with painstaking care and fully considered the entire record in this case, but need not discuss the matters occurring prior to October 16, 1923.

On the last mentioned date plaintiff filed her motion in which she fully set forth her physical and financial condition, and alleging therein that the defendant had not complied with the orders of the court previously made relating to the payment of alimony, and asking that a citation issue requiring him to make payment in accordance with the previous orders of the court, and that he be adjudged guilty of contempt and committed to jail for not having complied with said orders.

This motion was supported by affidavits of hers, and letters and certificates of doctors and others in California. On October 25, 1923, plaintiff's motion for a citation came on for hearing, the parties appearing by their counsel. Thereupon, the court made an order, reciting at some length various orders previously made by it, and ordered the defendant to pay to the clerk the sum of $1,619.35, the amount found to be due under the previous orders. It was further ordered that a citation issue to the defendant, returnable on the 15th day of

November, 1923, and that upon failure of the defendant to comply with this order within twenty days that \he be re-committed to the county jail, he having been theretofore committed to jail and released. Thereafter, and on November 15, 1923, the defendant filed his verified answer and return to the citation, in which he set forth with great particularity his financial condition; his inability to comply with the orders of the court; setting forth the extent and value of his property; the incumbrances thereon; his inability to secure sureties, and offered to turn over all of his property in payment of the alimony. In this answer defendant averred that he was ready to prove the allegations of his answer by divers reputable witnesses.

Nothing further was done until October 22, 1924, when plaintiff filed her unverified motion wherein she stated that there was a balance of alimony unpaid in the sum of $2,042.23, and moved that the order of court made October 25, 1923, be enforced, and that upon failure of defendant to pay the amount he be committed to jail for contempt.

Without any testimony being taken and without any hearing the court on July 28, 1925, made an order committing the defendant to jail for an indefinite period for contempt in failing to pay the $2,042.23.

In this order the court made findings that defendant was an able-bodied man; able to earn a living for himself and for his wife and child; that it had been at all times within the power of defendant to perform the acts required of him.

Thus it will be seen that an issue was presented by the motions of plaintiff and the answer of the defendant as to the ability of the defendant to perform the acts required of him; that notwithstanding the verified answer of defendant, without fixing a time for a hearing, and without giving the defendant an opportunity to produce his witnesses, upon the unverified motion of plaintiff filed nine months before the order of committment was

entered, and more than one and one-half years after the filing of defendant's verified answer, the court made the findings referred to, adjudged the defendant to be guilty of contempt, and ordered his imprisonment. He was thereupon committed to jail, where he has since remained.

The court could not have made these findings without ignoring or disbelieving defendant's verified answer and accepting as true the affidavits of plaintiff.

It is undeniably true that a defendant cannot be imprisoned for failure to pay alimony where it clearly and satisfactorily appears that he is absolutely unable to perform the acts required of him at the time the order of commitment is made.

In the instant case, at the time the order was made there was no evidence, either by affidavit or otherwise, as to what defendant's financial condition was at that time, or what it had been for a long time prior thereto, and no evidence as to his ability to comply with the court's orders.

For the reasons pointed out, the judgment is reversed with instructions to the trial court to discharge the defendant; that a time be fixed by the court for a hearing of which both parties shall have reasonable notice; that defendant be required to appear, and that the parties be permitted to offer evidence; that if upon the hearing it shall satisfactorily appear, from the evidence, that defendant is unable to comply with the orders of the court for the payment of temporary alimony, he shall be allowed to retain his freedom, otherwise he may be adjudged guilty of contempt and recommitted.

Supersedeas denied, and judgment reversed.

MR. JUSTICE CAMPBELL and MR. JUSTICE WHITFORD dissent.