HAMMOND–KNOWLTON v. HARTFORD–CONNECTICUT TRUST CO. OF HARTFORD, CONN.

No. 3577.

District Court, D. Connecticut.

Feb. 3, 1939.

William H. O'Hara, of Bridgeport, Conn., for plaintiff.

James W. Morris, Asst. Atty. Gen., Andrew D. Sharpe and Julian G. Gibbs, Sp. Assts. to Atty. Gen., and Robert P. Butler, U. S. Atty., and Louis Y. Gaber-

man, Asst. U. S. Atty., both of Hartford, Conn., for defendant.

THOMAS, District Judge.

This matter is now before the Court on motions by the defendant to dismiss the amended complaint, the first of which motion was filed on July 1, 1938, and the second on December 6, 1938. In the brief of the defendant submitted in this matter, it is stated that a further motion was made on the hearing held on November 25, 1938, to have the motion to dismiss considered under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Federal Rules of Civil Procedure No. 7 (b)(1) provides that an application for an order shall be by motion made in writing, unless made during a hearing or trial. An oral argument on a motion previously made is not, in my opinion, the "hearing" at which the necessity for reducing motions to writing may be obviated. Motions made at a hearing are obviously such as are incidental to the hearing itself, such as motions to exclude evidence, or for a directed verdict, or for a mistrial, etc. In other words, they are such motions as are recorded in the minutes of the trial or hearing, and it is for that reason that the motion need not be reduced to writing and notice thereof given.

Any other construction of the rule would lead to chaos in motion procedure. A party, for instance, might make a motion on notice, for the inspection of a document, and at the hearing thereof, and without any notice whatsoever, include a further motion to punish somebody for contempt of court. Therefore, the court will confine itself to the motions as filed.

This cause was tried once before, and resulted in a judgment for the plaintiff. On appeal, the judgment was reversed. 2 Cir., 89 F.2d 175. After the mandate of the Circuit Court of Appeals was entered, plaintiff made a motion to substitute the United States of America in the place of the defendant, Robert O. Eaton, Collector of Internal Revenue. That motion was granted by an order dated June 2, 1938. Thereupon, the complaint was amended accordingly. A further amendment, however, was made and filed, limiting the damages claimed to the sum of $10,000, with interest. This further amended pleading was filed on November 28, 1938.

The motions to dismiss are predicated upon the alleged lack of jurisdiction of this court over the defendant, the United States of America. It is unquestionably true that if the amount of the claim in suit, based upon the cause of action therein alleged, is in excess of $10,000, such suit would have to be brought in the Court of Claims, and this court would have no jurisdiction thereof. However, an amended complaint has been filed, reducing the claim to the sum of $10,000; such reduction obviates the original jurisdictional defect arising out of the excessive claim.

Most of the other contentions presented on these motions relate to the merits of the case and not to the simple question of jurisdiction. Upon those merits no expression of opinion is herewith intended. Nor will I review the propriety of my order allowing the amendment of the complaint on a motion to dismiss it.

Motion is, therefore, denied and it is so ordered.