No. 15,015.

GARVIN *v.* GARVIN.
(118 P. [2d] 768)

Decided October 20, 1941.

Mr. WILLIAM A. BLACK, for plaintiff in error.

Mr. LOWELL D. HUNT, for defendant in error.

416

*En Banc.*

Mr. Justice Bakke delivered the opinion of the court.

Plaintiff in Error, plaintiff below, brings this case here by writ of error to review the action of the trial court in vacating an order requiring defendant in error to pay $25.00 a month for support of a fourteen year old son of the contesting parties, who formerly were husband and wife, and in cancelling delinquent payments in the sum of $87.50. Reference will be made to the parties as they appeared in the action for divorce in which defendant in error was defendant.

Plaintiff received a final decree of divorce February 5, 1929, at which time the son was two years old, and defendant was ordered to pay $35.00 a month into the registry of the court for his support "until the further order of the court." Payments were regularly made under this order until March 28, 1938, when the court ordered them reduced to $25.00 a month, in compliance with defendant's filed petition showing a change in conditions and a reduction in his salary. The twenty-five dollar payments were made until January, 1941, when defendant, without waiting to be cited for contempt for failure to comply with the order, filed another petition under the rule indicated in *Duvall v. Duvall,* 95 Colo. 95, 32 P. (2d) 842, in which it was alleged, inter alia, that he had suffered a serious accident on December 29, 1940, and that as a result thereof he would be totally disabled from performing any labor for approximately three months; that he then was drawing a salary of $140.00 per month from the Public Service Company of Colorado, which represented a reduction in his income of $68.00 per month; that he had incurred an indebtedness of $355.00, on which he had to pay $50.75 a month; that he had insurance to keep up which cost him $5.50 per month, all in addition to necessary expenses for food, laundry, clothing, etc., amounting to $47.50 a month,

and rent, gas, electricity and heating at a cost of $35.00 a month. It also was alleged in the petition that plaintiff had remarried and was earning $110 a month. Defendant prayed that the former order be modified and delinquent payments cancelled "until such time as" he "is able to resume his regular employment."

Two grounds are urged for reversal, namely: 1. The trial court abused its discretion in relieving defendant from paying the sum of $87.50 representing accrued payments of support money for the child. 2. That the trial court erred in cancelling the order requiring defendant to pay $25.00 a month for the support of the minor son.

██ 1. We are of the opinion that the trial court was without authority to cancel the accrued payments of $87.50. While there is some diversity of opinion on this point, the majority rule clearly is to the effect that courts have no power to cancel such payments. 27 C.J.S. 1239. Colorado is committed to the majority rule. *Weston v. Weston,* 80 Colo. 323, 251 Pac. 534. See, also, *McGregor v. McGregor,* 52 Colo. 292, 122 Pac. 290. The fact that defendant was only delinquent in the amount of $12.50 (covering a period of two weeks) at the time he filed his petition, does not relieve him of the payments due as of the time of the hearing thereon. "The modifying decree relates to the future only and from the time of its entry." 27 C.J.S. 1239. That part of the trial court's order relieving defendant from the responsibility of paying the accruals of $87.50 is reversed.

██ 2. We do not believe the trial court abused its discretion in suspending the twenty-five dollar monthly payments. There is no question concerning defendant's serious injury and the attendant additional expense occasioned by medical attention and hospitalization. The record indicates that even at the time of the hearing he still was physically disabled and his doctor "had no idea" as to when he would be able to resume his work. In view of the fact that the disability and resulting

financial distress of the father was temporary, according to the allegations of his own petition, the error which the trial court committed was in entering a final order, which would necessitate the presentation of a petition by plaintiff in error before the court could again make effective the husband's obligation to support the minor child. The primary liability of a father to support his minor child always exists during minority. *Desch v. Desch,* 55 Colo. 79, 132 Pac. 60. Under the circumstances here present, the proper procedure is to suspend the obligation of defendant to support the minor for a definite period, to be determined in view of the evidence. Since the hearing on this issue was had in April of this year, a further hearing should now be had to determine the present physical status of the father and his earning capacity.

The judgment is reversed and the cause remanded with directions to reinstate the delinquent payments of $87.50 and forthwith order another hearing to determine the question of further suspension of payments, if any, for a definite period. If no further suspension is warranted, support of the minor by the father should be ordered, consistent with his primary liability, and in such amount as may be justified by the evidence.