No. 16,474.

WRIGHT *v*. WRIGHT.
(220 P. [2d] 881)

Decided July 10, 1950.   Rehearing denied July 29, 1950.

Messrs. HILLIARD, ENGLER & CLANAHAN, for plaintiff in error.

Mr. PAUL A. HENTZELL, for defendant in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

THIS is an action for divorce, involving also alimony payments and the settlement of property rights of the parties. The district court entered an order requiring Scott W. Wright, plaintiff, to pay to his wife, Wanda L. Wright, seventy dollars per month as temporary alimony, but subsequently vacated that order. Defendant wife brings the cause here for review, challenging the court's authority to enter the vacation order, in view of the presented circumstances.

Plaintiff, on April 7, 1949, filed his complaint in divorce, in which he alleged residence in the State of Colorado for the statutory period; the marriage of plaintiff and defendant on August 22, 1948; that no children had been born as an issue of the marriage; and then alleged that defendant had been guilty of extreme and repeated acts of cruelty towards plaintiff, for which he sought a decree of divorce; he also asked that the household goods, real estate, and other personal property be awarded to him because the same had been "purchased solely by him before the marriage."

Defendant filed her answer, admitting the residence, marriage, and that no children were born as a result thereof; denied acts of cruelty, and, by way of amended counterclaim, alleged that plaintiff had been guilty of extreme and repeated acts of cruelty toward her; further that plaintiff had real and personal property of a value in excess of $20,000, and she sought a property division. She further alleged that she was "without means or resources to sustain herself and to pay costs and counsel fees herein; and that the plaintiff is able to make payments for such purposes." By her counterclaim she also sought a decree of *separate maintenance.*

A motion for temporary alimony, counsel fees and costs was heard on June 29, 1949. At the conclusion of the evidence offered in support of the motion, the court ordered plaintiff to pay into the registry of the court for the support of defendant the sum of seventy dollars per month, and to advance five dollars for defendant's

"court costs for jury fee." The case was set for trial before a jury on October 3, 1949. There is no motion or order in the record vacating the trial date. On November 4, 1949, defendant filed a motion for citation requiring plaintiff to show cause why he should not be punished for contempt for failure to make the monthly payments for October and November, 1949. On November 16, 1949, an order was entered, requiring plaintiff to pay defendant the sum of $140 forthwith, and the court then entered an order setting the case for trial before a jury on the 19th day of December, 1949. On December 9, 1949, a motion for citation requiring plaintiff to show cause why he should not be punished for contempt for failure to make the seventy dollar payment on December 1, 1949, was filed, and plaintiff by citation was ordered to show cause on or before the 19th day of December, 1949. It appears from the record that on *December 15, 1949,* a hearing was had upon the citation, and the following order entered:

"At this day come the parties hereto, by their attorneys, respectively.

"And thereupon, this cause coming on to be heard upon the *citation of plaintiff,* Scott W. Wright herein, to appear and show cause, evidence is taken, the same is argued by counsel, and the Court being now sufficiently advised in the premises, doth order that upon catching up with payments due to date, the Court suspends further payments by plaintiff for temporary support of defendant *until hearing of merits of case, all without prejudice to either party.*

"It is further ordered by the Court that trial date of the 19th of December, A. D. 1949, be, and the same hereby is, vacated.

"It is further ordered by the Court that this cause be, and the same hereby is, set for trial to Court on the *8th* day of *February,* A. D. 1950." (Italics ours)

On the 15th day of February, 1950, plaintiff withdrew his complaint; it was ordered that the cause proceed to

trial to the court as a non-contested case; and on the same date, with no amendment of the counterclaim appearing in the record, the court heard the cause, entered an interlocutory decree of divorce in defendant's favor, wherein appears the following: "It is Further Ordered, Adjudged and Decreed by the Court *that the matter concerning any Property Settlement is reserved until entry of the Final Decree of Divorce, and all rights to testimony concerning this divorce action are reserved until said Property Settlement hearing.*"

The specification of points are: "1. The Court erred in entering its order and judgment of December 19, 1949, that 'the court suspends further payments by plaintiff for temporary support of defendant until hearing of merits of case, all without prejudice to either party.' 2. The Court was without jurisdiction to make or enter the order and judgment referred to in Specification 1."

Section 8, chapter 56, '35 C.S.A., authorizes the trial court to grant alimony and counsel fees *pendente lite* to the wife in a divorce action. The record here discloses that upon the filing of a motion for temporary alimony, counsel fees and costs, evidence was taken and considered by the trial court, both plaintiff and defendant being represented. The marriage of the parties to this action is admitted, and on the hearing of the motion it must be assumed that the court found from the evidence that defendant was without means or property with which to sustain herself and pay fees and costs, and, considering the financial condition of plaintiff and the needs of defendant, and basing its order thereon, the court found that under all the presented circumstances plaintiff should deposit in the registry of the court the sum of seventy dollars per month for defendant's use as temporary alimony and five dollars court costs. No allowance whatever was made for her counsel's services.

According to the record plaintiff was to appear before the court on December 19, 1949, to show cause for his

failure to make the December, 1949, temporary alimony payment, on which day the cause was set for trial, but, as appears from the record, on December 15, 1949, the parties to this litigation appeared by their counsel, and the order was made as hereinbefore set forth. The only matter then before the court was a citation requiring defendant to show cause why he should not be adjudged guilty of contempt for failure to comply with the court's orders, and evidence was taken and heard upon this citation.

■■ There is in the record no motion for the reduction or cessation of monthly payments as temporary alimony, notwithstanding which the court entered its order suspending "further payments by plaintiff for temporary support of defendant until hearing of merits of case, all without prejudice to either party." While it does not appear in the record, counsel for plaintiff asserts in his brief that that portion of the order of December 15, suspending monthly payments, was made on oral motion at the time when the case was set for trial and the matter of alimony would have been determined, and justifies this procedure under rule 7 (b) C (1). The record discloses that the hearing on the citation was on December 15, 1949, while the trial was set for December 19, 1949. We have compared rule 7 (b) C (1) with the corresponding federal rule, Rule 7 (b) (1), and find that these rules are identical excepting that to our rule is added the clause, "or in a written notice of application to set the same for hearing." The federal rule was construed in *Hammond-Knowlton v. Hartford-Connecticut Trust Co.*, 26 Fed. Supp., 292, wherein it is said with reference to the proper construction to be given it: "Motions made at a hearing are obviously such as are incidental to the hearing itself, such as motions to exclude evidence, or for a directed verdict, or for a mistrial, etc. In other words they are such motions as are recorded in the minutes of the trial or hearing,

and it is for that reason that the motion need not be reduced to writing and notice thereof given.

"Any other construction of the rule would lead to chaos in motion procedure. A party, for instance, might make a motion on notice, for the inspection of a document, and at the hearing thereof, and without any, notice whatsoever, include a further motion to punish somebody for contempt of court. Therefore, the court will confine itself to motions as filed."

Under the construction set out in *Hammond-Knowlton v. Hartford-Connecticut Trust Co., supra,* which we adopt here, an oral motion, if made at the time and under the circumstances appearing in the present case, could not properly be considered by the trial court, and in so doing it acted on a matter not germane to that in hand; further, the court having been obliged to hear and consider evidence before entering an order for temporary alimony, properly, could not modify the same except upon motion and sufficient showing in support thereof; according to the record here, no such motion was filed; and in the absence thereof, no evidence could properly be taken respecting a modification of the order entered by the court on June 29, 1949. It follows that the court's action in the present case suspending the order for temporary alimony was clearly an abuse of discretion.

The judgment is reversed and the cause remanded with instructions that the trial court vacate that portion of its order dated December 15, 1949, suspending the temporary alimony order theretofore entered; reinstate the said order effective January 1, 1950, which shall continue thereafter in full force and effect unless vacated, suspended or modified in an orderly proceeding.

MR. CHIEF JUSTICE HILLIARD does not participate.