No. 17,041.

Russ *v.* Russ.
(262 P. [2d] 264)

Decided October 5, 1953.

Mr. HENRY BLICKHAHN, Mr. ROBERT E. HOLLAND, for plaintiff in error.

Messrs. Moses & DeSouchet, for defendant in error.

*En Banc.*

Mr. Chief Justice Stone delivered the opinion of the court.

George Russ was formerly the husband of Mary Agnes Russ, now Mrs. Gregg. During the time of his appearance in the matrimonial succession, he adopted James, a minor son of the wife by a former marriage, and, upon the divorce of the parties, George entered into settlement stipulation with her which was ratified and approved by the court, and incorporated in the decree of divorce entered May 29, 1950. In addition to financial settlement with the wife, he agreed and was ordered to pay for the support of James the sum of $100.00 per month, and further to pay all medical expenses "that may be incurred necessarily for James Russ * * * including the cost of any necessary operations," until he should become eighteen years of age. It was further agreed and provided in the decree that a named mutual friend "shall be the sole judge as to the necessity of medical and special care and expenditures for the said James Russ, but if for any reason she cannot or does not exercise her judgment in the matter, then the question of medical necessity and attention shall be decided by the district court of Alamosa County, Colorado by any judge * * *."

Pursuant to said decree on January 16, 1952, Mary Agnes filed a motion to require George to pay the sum of $1661.45 for hospital and medical expenses, including itemized expenses totaling $661.45 and "an additional $1,000 or some similar sum to defray expenses not yet due, but now being incurred."

Thereafter, on January 23, 1953, the motion came on for hearing with evidence adduced on behalf of both parties. The court sustained the motion to the extent that defendant was ordered to pay bills for hospital and

medical expense totaling $1381.11, being in full for medical expenses to that date. That order is here for review.

The order contains no findings or recital as to whether or not said bills had been paid or as to the necessity of any of said expenses. The record discloses that at the hearing the court said, inter alia, "What the Court is concerned with principally is the welfare of this child." And again, upon suggestion of counsel that the mother was an hypochondriac and objection to the right of the court to modify the decree as to bills that had already been incurred: "I might hold the defendant liable for these bills, even though I might indicate that sufficient proof of their reasonableness has not been produced here today, I want to say I am not entirely satisfied on that proposition, particularly the necessity for continued hospitalization, * * *." And again, "Under the present terms of the stipulation, and under the terms of the decree, it gives the plaintiff practically unlimited authority to go out and incur medical and hospital service in any amount that she might see fit and I think the decree should be amended in some particular to avoid that situation * * *. As to whether or not there is a necessity for continued hospitalization I am not satisfied with either of the statements of these two parties that indicates that certain therapy is necessary." And again, "When the defendant legally adopted this boy, he, of course, assumed the full responsibility for his maintenance; that is a matter that cannot be avoided. I feel that, in many respects, he has been treated rather unfairly by the plaintiff but that is a matter that the Court cannot help. These bills were lawfully contracted and have got to be paid and the plaintiff has no estate out of which they can be paid and if continued at the rate that the plaintiff is contracting the defendant would not have much estate left either. The court will have to order the defendant to pay the bills that were contracted up to the date of the hearing, or up to the date that the boy was dismissed from the hospital * * *. I don't believe the plaintiff is

justified in hiring doctors as a group making it as expensive for the defendant as she possibly can. I think from the history of the case that has been done and it should not be done. * * * Until there is some showing the confinement was unnecessary I think it is one of those liabilities, obligations that should be met; it has to be paid by somebody."

In the absence of decree or agreement between the parties, liability for medical and hospital expense lies in the discretion of the court, having in mind the best interest of the minor child; however, after a decree has been entered which approves an agreement of the parties as to support and medical expenses and specifically adjudges liability as so agreed on, the court, as well as the parties, must be bound by its judgment and decree. Such judgment and decree, regardless of antecedent agreement, is always subject to modification upon showing of changed conditions, since both parties are equally responsible for support of the child, and their contract concerning such obligation even though controlling between them cannot be made an instrument to deprive the child of its right of support; but, until modified, the provisions of the decree are binding upon the parties and the court has no right to make any order changing them retrospectively. *Garvin v. Garvin,* 108 Colo. 415, 118 P. (2d) 768; Vol. 2 Schouler, Marriage, Divorce, Separation and Domestic Relations (6th ed.), section 1915, page 2055.

By the terms of the decree before us, defendant was obligated to pay only such medical expenses as were "incurred necessarily." It appears from the record that the mutual friend who was named therein as the judge of such necessity had in writing declined to exercise her judgment in the matter; therefore, as provided in the decree, "the question of medical necessity and attention shall be decided by the district court of Alamosa County, by any Judge." Under those provisions of the decree, prior to ordering defendant to pay any medical or hospital expense, there must be a determination of its neces-

sity by a judge of the district court of the district including Alamosa County. Such determination was a necessary prerequisite to defendant's liability for payment of medical and hospital expenses. In such case, there is no presumption in the absence of findings that if made they would have supported the judgment. First, we think the provisions of the agreement and decree made the role of the Judge that of an arbitrator rather than that of a judge of the court. He took on the status of the named mutual friend who declined to act and in that capacity he should have listened to the evidence and made his findings as to the necessity of the expenses, and then the court should have acted upon the findings so made. Second, it is inescapably apparent from the statements of the judge during the hearing and on the motion for rehearing, which we have set out hereinabove, that he was not convinced that all of the expenses which he ordered defendant to pay were incurred necessarily. Explicitly he declared to the contrary and made the order because of his erroneous conclusion that under the terms of the decree the plaintiff had full authority to incur medical and hospital service in any amount regardless of necessity, and require payment thereof by defendant.

The order of the court adjudging defendant liable for payment of expenses therein set forth is reversed and the case remanded for further proceedings in harmony herewith.

MR. JUSTICE HOLLAND does not participate.