No. 18,389.

NORMA M. GIER *v.* JESSE J. GIER.
(339 P. ⌈2d⌉ 677)

Decided April 20, 1959. Rehearing denied June 1, 1959.

Mr. SAMUEL J. EATON, for plaintiff in error.

Mr. Isaac Mellman, Mr. Gerald N. Mellman, for defendant in error.

*En Banc.*

Mr. Chief Justice Knauss delivered the opinion of the Court.

Following entry of a final decree of divorce in an action between these parties in the district court on October 17, 1956, and a subsequent hearing on December 4, 1956, at which orders effecting a division of the property of the parties were entered, the plaintiff in error, plaintiff below, on April 17, 1957, filed a motion seeking entry of judgment against defendant for certain sums claimed to have been in default under prior temporary orders and in arrears at the time the final division of property was ordered. The motion for judgment was denied and the plaintiff is here on writ of error seeking reversal.

By the order of December 4, 1956, the wife was awarded substantial property including real estate, stocks, bonds and cash, and it was directed that each of the parties pay their own counsel fees out of the property so distributed, and that:

"* * * each party shall pay his or her own bills, * * *. That each of the parties has no further right, title or interest, or right of inheritance in and to the property of the other, and the settlement is in lieu of all alimony payments."

The record before us does not contain a reporter's transcript of the testimony taken at the hearing on December 4, 1956, when the division of property was ordered, and we must assume that the trial court had before it the entire situation of the parties, including any unpaid accounts for which either of them was liable and determined that each should discharge his or her own obligation out of the property awarded. We must

further assume that the evidence before the court fully supported the determination made, and that the court properly resolved all conflicting claims of the parties. *Teets v. Richardson,* 131 Colo. 592, 284 P. (2d) 233; *Meagher v. Neal,* 130 Colo. 7, 272 P. (2d) 992.

 The plaintiff correctly contends that the trial court was without authority to forgive delinquent payments of support money, and cites the cases of *Ferkovich v. Ferkovich,* 130 Colo. 228, 274 P. (2d) 602; *Russ v. Russ,* 128 Colo. 321, 262 P. (2d) 264, and *Garvin v. Garvin,* 108 Colo. 415, 118 P. (2d) 768, as authority for this contention. There is nothing in the record to indicate that the trial court did undertake to forgive any past due payment, but rather it appears that the decree awarded certain property to the wife in full satisfaction of any accrued rights and in lieu of claims for future alimony. It seems clear that the trial court had all such matters in mind when determining the amount of property to be awarded to each of the parties, and providing that each was to pay his or her own bills, and that the settlement was to be in lieu of all alimony payments.

Perceiving no error in the record before us, the judgment is affirmed.

MR. JUSTICE SUTTON not participating.