No. 19,574.

LACEY O. TAYLOR *v.* NADINE H. TAYLOR.

(362 P. [2d] 1027)

Decided July 3, 1961.

Mrs. VICTORIA F. GROSS, for plaintiff in error.

Messrs. FULLER & EVANS, Mr. DWIGHT A. HAMILTON, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE McWILLIAMS.

WE refer to the parties as they appeared in the trial court, where plaintiff in error was defendant, and defendant in error was plaintiff.

On February 13, 1958, plaintiff filed her complaint wherein she sought a decree of separate maintenance from her husband, and supplementary relief, including custody of the three minor children of the parties, alimony, support money, property division and attorney's fees.

On March 11, 1958, after notice had been served on defendant, an ex parte temporary order was entered, providing, inter alia, for custody of the children in the plaintiff and for alimony and support money of $350 per month, beginning March 15 for a period of ninety days. The order further provided that "after said period of 90 days, either party hereto may set this matter down for hearing on the question of further temporary alimony, support for minor children."

On March 19, 1958, defendant filed a motion to vacate this temporary order. Hearing was had April 16, at which time the court made the following statement and entered the following order: " * * * we'll go into the full matter later and we'll temporarily abate the order of March 13 (sic) * * * the order is not being withdrawn; it's just being held in abeyance * * * the order that the court entered of $40 a week will stand and the order of March 13 will be held in abeyance until we have a full hearing. * * * It will be the temporary order of this

Court that your client * * * pay $40 a week and keep up the house payments."

On May 14, 1958, following a hearing participated in by both parties, an "Order for Temporary Maintenance, Support for Minor Children, Temporary Custody, Temporary Attorney's Fees and Court Costs" was entered by the same judge who had issued the ex parte temporary order. The May 14 order provided, inter alia, effective May 19, 1958, for payment by defendant of $60 per week for temporary maintenance and support "of the minor children" of the parties, plus designated other expenses, costs and attorney's fees.

In December 1958 the claim of plaintiff was changed during trial from separate maintenance to divorce, and then proceeded as a non-contested action. The interlocutory decree provided for payment by the defendant each one-half month thereafter, starting December 15, of $90.00, apportioned $22.50 for alimony, $67.50 for "support of parties' children," for other specified allowances and attorney's fees. The decree was entered by a judge other than the one who had entered the previous order, and contained no reference to any preceding ex parte or temporary orders. The interlocutory decree was in due time followed by final decree, which contained no changes or modifications.

The record clearly establishes that by reason of the failure of defendant to make all payments as provided in the temporary, interlocutory and final orders and decrees, there remained unpaid by defendant as of March 1, 1960, a total arrearage in the amount of $1605.23. This amount takes into account the reduction of the basic sum of $350 per month to the basic sum of $40 per week for the period between April 16, 1958, and May 14, 1958, the period of so-called "abatement." On May 3, 1960, upon motion of plaintiff previously filed, the court entered judgment in favor of plaintiff and against defendant in the sum of $1605.23, plus attorney's fees and costs, a total of $1723.40.

The defendant is here contending that the judgment is erroneous and void on the following grounds, which we will consider and dispose of in order.

First, that no arrearage exists under the order of March 11, 1958, it having been "abated" on defendant's motion to vacate, and hence the inclusion of the $250 arrearage under that order was error. Under the record before us we find no merit in such contention. It is clear from a careful scrutiny of the qualifying words of the April 16 order that it was not the purpose of the court by the, perhaps, inept use of the word "abate" to do something which would in any event have been beyond the scope of his power, viz., to create a vacuum by setting aside the order of March 11 ab initio. Rather, the effect of the April 16 order was to suspend, from that date forward, the operation of the earlier order by the temporary modification then made. We have held repeatedly that each installment maturing under a decree or order which has not been modified prior to the installment date, becomes a judgment debt similar to any other judgment for money. *Burke v. Burke,* 127 Colo. 257, 255 P. (2d) 740; *Ferkovich v. Ferkovich,* 130 Colo. 228, 274 P. (2d) 602; *Jenner v. Jenner,* 138 Colo. 149, 330 P. (2d) 544; *Beardshear v. Beardshear,* 143 Colo. 293, 352 P. (2d) 969. It logically follows, and indeed could not be otherwise, that installments maturing under temporary or pendente lite orders in an action for divorce or separate maintenance have the same status as those of an interlocutory decree. Here, the order of March 11, 1958, remained in full force and effect until its subsequent modification by order of April 16.

Second, that the arrearage for $700, another portion of the total judgment entered, did not survive the "general property settlement" of December 1958. Such settlement consisted of an oral stipulation, proposed by defendant and accepted by plaintiff at the time of entry of the interlocutory decree, concerning disposition of real and personal property holdings, and an agreement that

"defendant is to pay into the registry of the Court the sum of $90 on the 15th and 1st days of each month hereafter, commencing December 15, 1958." Such was the order as contained in the decree, with no mention of or reference to the cancellation of any arrearage. Under such an argument defendant is in no position to urge successfully that it was the mutual intention of the parties to cancel all arrearages accruing under valid temporary orders. The language of this particular oral agreement simply does not permit such construction. Under the principle announced in *McWilliams v. McWilliams,* 110 Colo. 173, 132 P. (2d) 966, and *Campbell v. Goodbar,* 110 Colo. 403, 134 P. (2d) 1060, *if* the property rights and obligations of the parties to a divorce action who have entered into a settlement agreement are to rest upon the court decree, then any such agreement as to those rights should be fully and specifically set forth in the decree in order that the duties and rights can be definitely ascertained from the decree itself. In the instant case neither the interlocutory nor the final decree contain any language which under any stretch of the imagination would indicate that it was their *mutual* intent to cancel these arrearages.

 Thirdly, the defendant asserts error in the inclusion in the arrearage judgment of amounts which he claims should have been deleted by reason of the emancipation of one of the minor children. The record is clear that as of the date of filing of defendant's answer, March 19, 1958, the parties had three minor children. Thereafter, all temporary orders and the interlocutory decree itself provided for the support for the "minor children" of the parties. It was not until April 7, 1960, some ten months after the divorce had become final and during the hearing on plaintiff's motion to reduce arrearages to judgment, that it was suggested that the support order should perhaps be reduced because of the alleged emancipation of one of the three children. Assuming, but by no means deciding, that defendant's evidence at that

hearing sustained his claim of emancipation and non-liability for further support of one of the children, the trial court acted properly in refusing to consider the same retrospectively. An order modifying a decree for support money speaks as of the date of its entry and therefore of necessity can only relate to the future. *Garvin v. Garvin,* 108 Colo. 415, 118 P. (2d) 768; *Russ v. Russ,* 128 Colo. 321, 262 P. (2d) 264; *Gier v. Gier,* 139 Colo. 289, 339 P. (2d) 677, and *Engleman v. Engleman,* 145 Colo. 299, 358 P. (2d) 864, decided January 23, 1961.

■ Furthermore, all orders and decrees entered throughout the stormy history of this case provide a group allowance for support of the parties' minor children. When a divorce decree directs the father to pay a specified amount periodically for the joint benefit of more than one minor child, the emancipation of one of such children does not automatically affect the liability of the father for the full sum prescribed by the order. Rather it becomes the burden of the father, if he so desires, to make such showing as would entitle him to be relieved of all or a part of such obligation. His failure to do so estops him from asserting any credits for such emancipation under an arrearage judgment for the full amount of the group allowance. *Application of Miller,* 139 Neb. 242, 297 N.W. 91; *Schrader v. Schrader,* 148 Neb. 162, 26 N.W. (2d) 617.

For the reasons above stated, the trial court judgment is affirmed.

MR. CHIEF JUSTICE HALL and MR. JUSTICE DOYLE concur.