No. 19,978.

LYDIA ANTOINETTE LOPEZ *v.* LOUIS E. LOPEZ.
(366 P. [2d] 373)

Decided November 20, 1961.

Mr. JAMES B. RADETSKY, Mr. JULES ORNSTEIN, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE FRANTZ delivered the opinion of the Court.

ON March 28, 1961, an order for temporary support of Mrs. Lopez and the three children of Mr. and Mrs. Lopez was entered pending final disposition of her suit for separate maintenance. By the order Mr. Lopez was directed to pay $55.00 per week. On July 3, 1961, a decree of separate maintenance was entered, fixing again the sum of $55.00 each week as support for the wife and three children, and further directing Mr. Lopez to pay $225.00 in installments of $15.00 each week for her attorney's fee.

These awards were made in due course after Mr. Lopez failed to appear personally or by counsel. Having failed to make several installment payments on the allowance for attorney's fee, Mr. Lopez was cited to appear before the court "to show cause, if any he may have, why he should not be punished for contempt."

Mr. Lopez appeared for the first time in the cause and from his evidence it developed that he earned $295.00 per month; that pursuant to the order of the trial court he paid his wife $220.00, leaving him a balance for the month of $75.00; that if he was required to pay the attorney's fee in manner settled by the order, he would be

left the sum of $15.00 with which to exist during the month. Deeming the order for support and attorney's fee at odds with reality and inequitable, the trial court directed Mr. Lopez to pay into the registry of the court the sum of $40.00 weekly for the wife and children, and to "comply with the order respecting attorney's fees." It is this last order which is the subject of review on writ of error.

Mrs. Lopez contends that the "trial court was without jurisdiction to reduce plaintiff's support payments **without** notice to plaintiff of the hearing, without application being made therefor, and without a showing of change in circumstances."

In a separate maintenance action "the court may make such orders, if any, *as the circumstances of the case may warrant* for:

\* \* \*

"(c) Care and support of children dependent upon the parent or parents for support;

"(d) Maintenance;

"(e) Suit money, court costs, and attorney fees." (Emphasis supplied.) C.R.S. '53, 1960 Perm. Cum. Supp. 46-2-4.

In determining the amount of support to be awarded, whether temporary or permanent, the court should consider the ability of the husband. The value of his estate, if any, is a significant factor, and if he has no estate, his earning capacity becomes of capital concern. *Fahey v. Fahey*, 43 Colo. 354, 96 Pac. 251, 121 Am.S.R. 118, 18 L.R.A.N.S. 1147. Adjudication in this regard should not result in an appropriation of the entire estate of the husband, or in the impoverishment of the husband to the extent that he is unable to maintain himself as a working unit. See *Elmer v. Elmer*, 132 Colo. 57, 285 P. (2d) 601.

Viewed in retrospect and in the light of tardy disclosure of his earnings, Mr. Lopez is under the burden of doing that which would not have been imposed had

the trial court been initially fully informed. The fault, if any, can be ascribed to his failure to appear and apprise the court of the true circumstances of his ability to support.

Absent any procedural attempt to correct the order, based upon its being founded in mistake, or absent action designed to seek modification of the order, the trial court, under the circumstances here present, could only determine whether Mr. Lopez was in contempt for failure to comply with the order.

To correct an order for support directing payments in excess of ability to discharge, requires formal application by the one thus burdened. To reduce support payments required by an order of court necessitates a motion by him who seeks such relief. *Wright v. Wright,* 122 Colo. 179, 220 P. (2d) 881. Modification in these respects ordinarily must find support in changed circumstances. *Huber v. Huber,* 143 Colo. 255, 353 P. (2d) 379. And when modification is warranted it can only be made operable in futuro. *Russ v. Russ,* 128 Colo. 321, 262 P. (2d) 264.

No correction of the support order, based upon mistake, was sought. Nor was a modification thereof formally requested. Hence, the trial court was without authority to adjudicate any question other than the contempt vel non of Mr. Lopez.

This is not to hold that the trial court could not have corrected the support order, had Mr. Lopez properly initiated formal proceedings having for their aim such relief. For had it then been made to appear that a support order was entered in a default proceeding in which there was a unilateral presentation of evidence producing an award imposing an impossible burden upon the husband, the trial court would have had authority to bring the order within the mandate of the statute, that the support order be such "as the circumstances of the case may warrant." A trial court is not required to perpetuate the impossible when he who is under the burden

comes properly before it for relief and shows the onerous effect of its order.

The trial court erred in the circumstances. Upon the showing made, it could have determined the sole question before it — whether Mr. Lopez was guilty of contempt — in the negative. It is the law of this state, and so far as we know, the universal law, "that a defendant cannot be imprisoned for failure to pay alimony where it clearly and satisfactorily appears that he is absolutely unable to perform the acts required of him at the time the order of commitment is made." *Miller v. Miller,* 79 Colo. 118, 244 Pac. 66.

The judgment is reversed.

MR. JUSTICE SUTTON did not participate.