Mr. Justice Frantz
delivered the opinion of the Court.
At a hearing to determine whether a husband is in contempt for failure to pay support money for his children pursuant to order of court contained in the- decree of divorce, may the trial court, without formal action in that behalf by the husband and over the objection of the wife, enter an order reducing the payments to be made? A negative answer to this question would necessitate a reversal of the order of the trial court for decreased payments entered in this case.
Just recently we had occasion to renew our adherence to the rule which controls this controversy. That which was stated in Lopez v. Lopez, 148 Colo. 404, 366 P. (2d) 373, has equal application to the immediate problem:
“Absent any procedural attempt to correct the order, based upon its being founded in mistake, or absent action designed to seek modification of the order, the trial court, under the circumstances here present, could only determine whether Mr. Lopez was in contempt for failure to comply with the order.”
We further said in the cited case:
“ * * * To reduce support payments required by an order of court necessitates a motion by him who seeks such relief.”
Modification ordinarily must find support in changed conditions, and when granted, operates only in futuro.
That one seeking modification of an order must ordinarily move formally for such relief is a salutary rule. It conforms to our notions of notice and orderly process which are so firmly embedded in our jurisprudence.
*67 In the bestowal of relief the trial court is confined to the issues presented to it for decision. Matters related to such issues come within its decisional authority. The parties are expected to be ready to try such issues; the issues and whatever bears upon them form the perimeter of action; the parties are not expected to be ready to try matters external to the issues framed and before the trial court.
Before the trial court in this case was the sole issue of contempt, and not the issue of modification of its prior order. Its action, therefore, in ordering payments in less amounts was unauthorized and requires a reversal. It is so ordered.
Mr. Justice Pringle not participating.