## No. 20,404.

GEORGE THEODORE DRAZICH *v.* LUELLA L. DRAZICH.
(385 P. [2d] 259)

Decided September 23, 1963.

Mr. F. RICHARD HITE, for plaintiff in error.

Mr. MORRIS RIFKIN, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

IN November 1959 plaintiff in error, George Theodore Drazich, the divorced husband of defendant in error, Luella L. Drazich, by other counsel petitioned the trial court for a reduction from $100.00 to $50.00 per month of support payments for his two children. His ground was that one child, Sharon, then 18 years of age had become emancipated by obtaining a job and leaving her mother's home.

The record discloses that George on his own responsibility had reduced the payments to $50.00 for the other daughter just prior to this request for relief. It appears that though the trial court was sympathetic with the petition it had some doubts as to the permanency of Sharon's job and therefore continued the matter for sixty days. It was thereafter again continued and, for reasons not disclosed by this record, no order or judgment was ever entered thereon. On April 6, 1962, Luella filed a motion seeking entry of a judgment for the arrears in support money then delinquent in the sum of $1,500.00. After hearing thereon judgment entered for the amount sought and motion for new trial was dispensed with.

George seeks relief by writ of error on the theory that the trial court erred in entering judgment for arrears in support money in the face of his previous showing that Sharon was emancipated when his petition was filed. He urges this court to direct the trial court to issue a *nunc pro tunc* order to have done now what he contends should have been done at the 1959 hearing.

The difficulty with George's position is that no judgments or orders have been entered at the trial court

220

level except those creating the obligation to pay $100.00 per month and the subsequent judgment thereon for arrearages.

The law is clear in Colorado that in support matters each instalment maturing under a decree which has not been modified becomes a judgment debt similar to any other judgment for money. *Burke v. Burke,* 127 Colo. 257, 261, 255 P. (2d) 740 (1953); *Taylor v. Taylor,* 147 Colo. 140, 362 P. (2d) 1027, 1028 (1961). The trial court was without authority, at the hearing on Luella's motion for judgment on the arrearage, to enter an order which, in effect, would amount to a cancellation of delinquent support payments. *Ferkovich v. Ferkovich,* 130 Colo. 228, 274 P. (2d) 602 (1954). A modifying order or decree relates only to future payments and can be effective only from the time of its entry. *Garvin v. Garvin,* 108 Colo. 415, 118 P. (2d) 768 (1941).

The mere filing of a petition to modify support payments and even having a hearing thereon without proceeding to a conclusion and the entry of an order thereon can have no legal effect whatsoever in the face of previous pronouncements of this court on the subject.

The judgment must be affirmed.

MR. JUSTICE DAY and MR. JUSTICE PRINGLE concur.