Mr. Justice Frantz
delivered the opinion of the Court.
*8 At the behest of Mrs. Wheeler, a citation issued to Mr. Wheeler, requiring him to show cause why he should not be held in contempt of a court order requiring temporary support in the sum of $250.00 per month. In response to the citation, Mr. Wheeler appeared and showed that he was so heavily involved financially that the payments required by the order were impossible to make.
The trial court found Mr. Wheeler to be in contempt of the order in failing to make at least some payments on the order, and then, over the objection of Mrs. Wheeler, entered an order for the reduction of payments to $75.00, to be paid every two weeks. In opposing this action, Mrs. Wheeler pointed out to the court that there was not pending before it a motion for modification of the support order and that the parties were not present in court on that day for the purpose of considering modification of the support order. Notwithstanding the objection, the court ordered the reduction, and this action of the court forms the basis of asserted error in this review.
We have recently announced in two cases (Lopez v. Lopez, 148 Colo. 404, 366 P.2d 373, and Pritchard v. Pritchard, 149 Colo. 65, 367 P.2d 755) that orderly process under such circumstances requires that the court only consider action upon the citation for contempt; that whether the husband is in contempt for failure to make support payments is the sole issue for consideration by the court. Orderly process requires a motion for modification, notice thereof, and a setting of the matter for hearing and disposition. The party opposing modification has the right to prepare for such issue and present countervailing evidence.
The action of the trial court, therefore, in ordering payments in less amounts than provided for by the order, such issue not being before it, was unauthorized and requires a reversal.
It is so ordered.