## CIRCUIT COURT OF THE CITY OF ROANOKE

Betty Janne Carter Dillon (Bacon)

   v.

Ronald Everette Dillon

### April 14, 1980

### BY JUDGE JACK B. COULTER

The narrow issue provoked by the complainant's motion to liquidate the arrearage in child support in this case may be stated as follows: Can a unitary or undivided award for the support of more than one child be automatically and proportionately reduced by one of the parties without specific relief from the Court when one of the children reaches his majority?

In the case at bar the defendant had been ordered to pay $225 per month "for support of his infant children" (see order entered July 12, 1973, confirmed by the final decree of March 11, 1974). At the time there were three infant children. In a subsequent hearing, on October 9, 1975, the Court denied a motion of the complainant for an increase in child support. The hearing presented the opportunity then to divide the award into component parts had it been requested. A year later, after September 16, 1976, when his oldest child reached eighteen, the defendant arbitrarily reduced his monthly support payments to $150, assuming and now claiming that the initial award was intended to be on the monthly basis of $75 per

child. From October, 1976, therefore, until March, 1980, a total of forty-one months, the defendant shortchanged his court-ordered payments by $3,075. There is no quarrel over the mathematical calculation.

By order entered March 20, 1980, the previously undivided child support award was modified to require the monthly payment of $125 for each of the two remaining infants. Hence, when the next child attains her majority, the award will automatically be reduced by $125. The matter of arrearage was taken under advisement to await the briefs which both attorneys have now submitted.

The Virginia cases cited by the complainant are controlling. In Cofer v. Cofer, 205 Va. 834 (1965), the trial court had initially awarded $200 per month for the maintenance and support of his three children. This award had been subsequently raised to $255 per month. By the time of the hearing that resulted in ultimate appeal the father was $1,325 in arrears. The trial court, after reducing the support payments to $175 per month, relieved the father of paying any arrearage on the basis that Section 20-108 of the Virginia Code permitted the Court to revise and alter support decrees. On appeal, however, the Supreme Court held that this statute was designed to operate prospectively only. As to forgiving the arrearage, Chief Justice Eggleston wrote:

> While there is some conflict of authority on the subject the majority rule is to the effect that, in the absence of statute, payments exacted by the original decree of divorce become vested as they accrue and the Court is without authority to make any change as to past due installments. (emphasis added)

Further, the Chief Justice noted:

> the majority view is that they (i.e., the statutes) do not authorize the court to

> modify its decree retroactively and relieve
> the husband of the obligation to pay past
> due installments for the support of his
> minor children. (emphasis added)

Again,

> The rationale of the cases taking the ma-
> jority view is that such a statute relates
> to future installments for the support of
> children and that the past due installments
> become vested and are immune from
> change. (emphasis added)

The Chief Justice concluded:

> It is our opinion that our statute (Code
> Section 20-108) does not authorize the court
> to relieve the delinquent husband of the
> payment of accrued installments for the
> support of his children due under the provi-
> sions of a former decree or order.

In the face of such language, how can a trial court, regardless of any appeal to equity, relieve a delinquent husband of the payment of accrued installments which have "become vested," which are "immune from change," and which "cannot be modified retroactively."

The "caveat" expressed in the footnote at the conclusion of Eaton v. Eaton, 215 Va. 824, 828 (1975), gives little comfort to the defendant, although at first blush it may be read as suggesting a possible exception. Nonetheless, the footnote clearly advises "a judicial proceeding at majority" in order to "establish the extent of the parent's liability under the undivided award."

The cases collected in 2 A.L.R. 3d 596 under the annotation entitled, "Propriety and Effect of Undivided Award for Support of More Than One Person," especially § 5 beginning at page 611, leave little doubt as the prevailing opinion, although there is a minority view [for instance, see Ditmar v. Ditmar, 293 P.2d 759

(Wash. 1956); Simpkins v. Simpkins, 137 N.W.2d 621 (Iowa)] As noted at page 612 of this annotation:

> In a number of cases, however, it has been held that after one or more children become ineligible for further support, the husband is not automatically entitled to a pro rata reduction in the amount of an undivided award which had been granted for the support of more than one child.

Then follows an analysis of Kuyper v. Kuyper, 55 N.W.2d 485, (Iowa 1952); Application of Miller, 297 N.W. 91 (Neb. 1941); Schrader v. Schrader, 26 N.W.2d 617 (Neb. 1947); Cooper v. Matheny, 349 P.2d 812 (Ore. 1960); and from the pocket supplement, Taylor v. Taylor, 362 P.2d 1027 (Colo.); Delevett v. Delevett, 238 A.2d 402 (Conn.); and Eaglin v. Eaglin, 306 So. 2d 375 (La.).

The sentiment of Justice Cochran writing in Jenkins v. Jenkins, 211 Va. 797, 799 (1971), sums up the prevailing and preferable attitude:

> While we recognize the danger that injustice may occasionally arise by its application, we believe that the rule is sound that a husband must pay in accordance with the court decree.

The court order at issue required the defendant to pay $225 for the support of his infant children. It did not provide for $75 per child. It was not a divisible award. To permit a party to modify a court order as his whim or wit might dictate would establish intolerable precedent. As it is an order of the court, only an order of the court can alter it, and then, as the cases clearly hold, without retroactive effect.

As to the argument, perhaps improvidently suggested by the court, that the defendant might be entitled to some credit against this arrearage because he permitted his former wife to live in their jointly-

owned property rent free, the Jenkins case quite effectively overcomes such contention. The Court, in dealing with the husband's suggestion that he should be permitted to offset a charge for rent against his wife's claim for reimbursement of real estate taxes that she had paid, observed:

> The difficulty with this conclusion is that Mr. Jenkins had never asserted a claim for Mrs. Jenkins' use and occupancy of the property, . . .

Neither has Mr. Dillon. Furthermore, Mr. Dillon has realized a substantial increase in his equity in this property as a result of his former wife's payment of all the mortgage payments over a period of years. When there is added to these mortgage payments the amount paid for insurance, taxes, repairs, and upkeep, any claim for the fair rental of his half of this property would undoubtedly be cancelled out.

The Court concludes, therefore, that the defendant is in arrears in his child support payments in the amount of $3,075 and that he is not entitled to any offsets or credits in the nature of rent.