In re the MARRIAGE OF Kathy Jo BARNARD and Billy Glen Barnard.

Kathy Jo BARNARD, Petitioner–Respondent,

v.

Billy Glen BARNARD, Respondent–Appellant.

No. 16572.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 23, 1991.

Jerry E. Wells, Karen D. Wells, Joplin, for respondent-appellant.

David C. Dally, Crandall & Dally, Carthage, for petitioner-respondent.

HOGAN, Judge.

In this case the appellant, to whom we shall refer as the defendant, sought modification of that part of a decree of dissolution of marriage which obligated him to pay the petitioner, to whom we shall refer as the plaintiff, the sum of $450 per month as support for the parties' two male children, one of whom is fourteen years of age, the other twelve. The trial court refused to modify the decree. Defendant has appealed. We affirm.

The sketchy record presented indicates that in February 1988 the parties' marriage was dissolved in the Circuit Court of Jasper County by the same judge who heard the motion we now consider. Principal custody of the minor children was awarded to the plaintiff subject to elaborate rights of visitation granted to the defendant. Defendant was ordered to pay $450 per month as child support. At the time the divorce was granted, the defendant was employed as a truck driver by a Joplin firm identified as Fleming Foods. We are not advised what the defendant's income was at the time he was divorced. A docket entry made at the time the decree of dissolution was entered indicates that the defendant was awarded real and personal property valued at $51,767, subject to encumbrances in the amount of $38,284.

After the dissolution was decreed in February 1988, the defendant paid child support as ordered through April 1989. In March 1989 the defendant fell and injured his hip. The injury he sustained required surgery. Defendant planned to return to his employment, but at trial time, September 6, 1989, he was still, according to his testimony, unable to work. The defendant "thought" he would be able to return to his job at Fleming in March of 1990. At the time defendant sustained his injury, he reduced his child support payments to $70 per month and paid that amount in May, June and July of 1989.

The defendant's testimony was, as indicated, that he had been unable to work and earn and consequently could not make the child support payments required by the decree of dissolution. Nevertheless, the record indicates that at the time of dissolution defendant had been awarded a house worth $40,000, subject to encumbrances in the amount of $37,000. Defendant's evidence was that he had been unable to sell this house; he had, however, been able to rent the house for $450 per month. The defendant had also purchased other property, described as a "post office, beauty shop and two duplexes." These buildings were being rented for $550 per month. Defendant also had chattels valued at $6,500. The defendant testified, we may note, that his income from the real property he owned "goes to payments on the property," so there was "no income in [his] pockets from it." Defendant further testified that he had, on occasion, been dependent on the largesse of his present father-in-law.

The defendant's only point on appeal is that the trial court erred in denying his motion to modify because of his changed circumstances. Obviously it was the defendant's legal theory that an obligor spouse who has been injured so he cannot work and earn is entitled to have his obligation to pay support or maintenance suspended if the evidence clearly justifies suspension for a definite period, and there are precedents which, in general, support that theory. See *Garvin v. Garvin*, 108 Colo. 415, 118 P.2d 768 (1941); Annot., *Change in financial condition or needs of parents or children as ground for modification of decree for child support payments*, 89 A.L.R.2d 7, 45–48 (1963). Nevertheless, the record presented does not compel the conclusion that the defendant's duty to pay support should be suspended. In this case, as in any other court-tried case, the trial court is the arbiter of the facts; it may believe or disbelieve any of the testimony in whole or in part, including uncontradicted testimony. *Massman v. Massman*, 749 S.W.2d 717, 718[1–3] (Mo.App.1988); *Sheahan v. Sheahan*, 721 S.W.2d 81, 84–5[3] (Mo.App. 1986); *Trapani v. Trapani*, 684 S.W.2d 500, 503 (Mo.App.1984); *In re Marriage of Baker*, 584 S.W.2d 449, 450 (Mo.App.1979). In this case, the trial court could have found that the defendant had chattels worth about $6,500 which were not tools of his trade nor otherwise indispensable. The

court could also have found that the defendant had some sort of gainful employment, because he testified he had partially restored a wrecked automobile so he could have a reliable means of transportation to go to work. The defendant also had rental property from which he realized $1,000 per month when the property was rented. The trial court was not obliged to believe that the defendant realized no income from his rental property, nor was it obliged to accept his unsupported assertion that he was dependent upon the generosity of his present wife and her father. Having considered the appeal as required by *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo.banc 1976), we conclude that the judgment denying the defendant's motion to modify should be affirmed. It is so ordered.

PARRISH, P.J., and SHRUM, J., concur.