BLACK DIAMOND COAL MINING CO. *v.* RANKIN.

(*Knoxville*, September Term, 1936.)

Opinion filed November 21, 1936.

KELLY & KELLY, of South Pittsburg, for appellant.

Strang, Fletcher & Carriger, of Chattanooga, Lange, Simpson & Brantley, of Birmingham, Ala., and W. E. McCurry, of Whitwell, for appellee.

Mr. Justice Chambliss delivered the opinion of the Court.

The bill was filed to enjoin defendant from forcing himself upon the premises of complainant and acting as checkweighman against its protest, thus interfering with the company's mining operations. Rankin claims to have been chosen for this position by a majority of the workers at the mines and asserts that this action was pursuant to a right of selection expressly provided by statute (Code, section 5639). The bill shows that these mines are operated under a collective bargaining agreement between the operators and the miners represented by their local union and approved, participated in, and guaranteed by International Union, United Mine Workers of America, Jno. R. Lewis, president, etc.; that by this agreement, covering all phases of the operations, while the right of the mine workers to a checkweighman of their own choosing is provided for, in accordance with the statute, it is further provided that, "If a suitable person to act as checkweighman is not available among the mineworkers at the mine, a man not employed at the mines may be selected upon mutual agreement." In other words, the agreement thus takes care of a contingency not dealt with in terms in the statute. Now it is shown that defendant Rankin is "a man not employed at the mine," but an outsider with a record and disposition objectionable to the company; that the company was given no opportunity to exercise its contractually reserved right of approval, and in fact has not and does not agree to this selection; that,

nevertheless, Rankin was endeavoring to force himself into the position and perform its duties when the bill was filed.

The chancellor issued an injunction and after a hearing upon a motion to dissolve and dismiss, supported by a demurrer and answer, sustained the bill and granted this appeal.

■ The defense narrows to the contention that the provision in the agreement referred to between the miners and operators for the checkweighman to be selected by mutual consent, in the contingency stated, is void, because (1) in contravention of the statute, and (2) against public policy. The learned chancellor handed down a full and forceful opinion, and in his views we concur.

As already indicated, the contingency provided for by the clause of the agreement under consideration is one not expressly covered in the statute, and in this view this agreement does not conflict therewith, but supplements it only. But a complete answer to the position of defendant below is that the affected parties have expressly waived the alleged protective benefit accruing to them as mine workers under the provision of the statute giving to them the right of selection to the extent and under the exceptional conditions now under consideration.

■ The general rule is that one may waive by agreement the benefit of a statutory provision, unless public policy or the rights of third parties would be violated. 14 C. J., 423. Those accused of crime may waive rights which are in the nature of personal privileges, although not so if the State is interested. 8 R. C. L., 60. The chancellor aptly quotes from Ruling Case Law as follows:

"Rights and Privileges Subject to Waiver.—The doctrine of waiver, from its nature, is applicable, generally speaking, to all rights or privileges to which a person is legally entitled, whether secured by contract conferred by statute, or guaranteed by the constitution, provided such rights or privileges rest in the individual, and are intended for his sole benefit. A right or privilege given by statute may be waived or surrendered, in whole or in part, by the party to whom or for whose benefit it is given, if he does not thereby destroy the rights and benefits conferred upon or flowing to another in or from said statute or other legal or equitable source. Even when a statute in so many words declares a transaction void for want of certain forms, the party for whose protection the requirement is made often may waive it, void being held to mean only voidable at the party's choice. A waiver is not, however, allowed to be operative where it would infringe upon the rights of others, or would be against public policy or morals. Where the object of a law is the good of the public as well as of the individual, such protection to the state cannot, at will, be waived by any individual, an integral part thereof. The fact that the individual is willing to waive his protection cannot avail. The public good is entitled to protection and consideration; and if, in order to effectuate the object, there must be enforced protection to the individual, such individual must submit to such enforced protection for the public good.

"By whom Waiver may be Made.—The power to waive rights or privileges may be exercised by the person for whose benefits they were intended, if he be of full age and *sui juris,* or by any one authorized by him, or by any

one the law empowers to act in his behalf.'' 27 R. C. L., p. 906, pars. 3 and 4; also, *Shepard* v. *Barron,* 194 U. S., 553, 568, 24 S. Ct., 737, 48 L. Ed., 1115, 1120, 1121; *Shutte* v. *Thompson,* 15 Wall., 151, 21 L. Ed., 123; *Doane* v. *Glenn,* 21 Wall., U. S., 33, 35, 22 L. Ed., 476.

No public policy is contravened here. The provision seems fair and reasonable. It is a matter of common knowledge that when the relations between employers and their employees are entirely amicable, often these relations may be and are frequently disrupted by the interference of outsiders, strangers to the local conditions and without the sympathetic ties and mutual interests incident to long continued association. It is, therefore, not surprising that the International Union, represented by able and experienced men, and embracing hundreds of thousands of workers all over the land, have found it desirable to incorporate in its approved form of agreement in general use the provision herein under consideration, by which, if an outsider is to be brought in and placed in this very responsible position of trust, the selection shall be by mutual agreement.

The decree of the chancellor is affirmed.