IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 2, 2025 Session

## TIMGMT ACQUISITIONS, LLC v. 5D DEVELOPMENT, INC. ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 22-0544-I      Patricia Head Moskal, Chancellor**

———————————————————

**No. M2025-00316-COA-R3-CV**

———————————————————

This appeal concerns third-party claims for breach of contract filed by a real estate developer against several real estate investment companies. The trial court entered an agreed order extending the time for the third-party defendants to file a "responsive pleading." Then, prior to the deadline for filing their responsive pleadings, the third-party defendants filed a motion to dismiss under Rule 12 of the Tennessee Rules of Civil Procedure. But the developer argued that the third-party defendants waived their right to file a Rule 12 motion because the agreed order only extended the deadline for "responsive pleadings." During the hearing on the motion to dismiss, the third-party defendants asked for an award of their attorney's fees and costs under Tennessee Code Annotated § 20-12-119(c)(1), which requires courts to "award the party or parties against whom the dismissed claims were pending at the time the successful motion to dismiss was granted the costs and reasonable and necessary attorney's fees incurred in the proceedings as a consequence of the dismissed claims by that party or parties." The trial court granted the motion to dismiss but held that the third-party defendants could not recover their attorney's fees and costs under § 20-12-119(c)(1) because "the written motion to dismiss did not include a request for an award of fees or cite to the statute." This appeal followed. We conclude that the agreed order did not constitute a waiver of the third-party defendants' right to file a motion to dismiss and affirm the dismissal of the claims at issue. However, we conclude that the third-party defendants are entitled to an award of their costs and attorney's fees under § 20-12-119(c)(1). Thus, we reverse and remand with instructions to award the third-party defendants their reasonable and necessary attorney fees and costs.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**
**in Part, Reversed in Part, and Remanded**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Samuel C. Wright and Seamus Timothy Kelly, Nashville, Tennessee, for the appellant, 5D Development, Inc.

John Lee Farringer, IV, Nashville, Tennessee, for the appellees, Electra America, Inc., d/b/a American Landmark Apartments, Electra America Hospitality Group, Transcendent Electra and Electra Capitol; Electra LTD; Electra Real Estate LTD, d/b/a Ark Homes for Rent; and Transcendent Investment Management, LLC, d/b/a Build U.S. Back, The Real Estate Family Office a.k.a. The Lubeck Real Estate Family, Ark Living, Transcended Air Capital, Trendline Investors, Transcendent Electra, and Ark Homes for Rent.

Michael Anthony Cottone, Todd Ryan Hambidge, and Quynh-Ahn Dang Kibler, Nashville, Tennessee, for the appellee, TIMGMT Acquisitions, LLC.

## OPINION

### FACTS AND PROCEDURAL HISTORY

TIMGMT Acquisitions, LLC, commenced this action in June 2022 by filing a complaint against 5D Development, Inc. for declaratory judgment, breach of contract, and specific performance.[1] 5D subsequently filed a third-party complaint for breach of contract against four TIMGMT-affiliated entities: Transcendent Investment Management, LLC; Electra America, Inc.; Electra Ltd.; and Electra Real Estate Ltd. (collectively, "the Electra Defendants").

The trial court then entered an agreed order extending the deadline for the Electra Defendants to file a "responsive pleading." On the day of the deadline, the Electra Defendants filed a motion to dismiss for failure to state a claim under Rule 12 of the Tennessee Rules of Civil Procedure. In response, 5D filed a motion to strike the Motion to Dismiss and a motion for contempt for violating the Agreed Order. 5D argued that the Motion to Dismiss was untimely because the Agreed Order only extended the deadline for "responsive pleadings." The Electra Defendants then filed an answer, and 5D moved to strike the Answer and for a default judgment.

All pending motions were heard on the same day. At the hearing, the Electra Defendants made an oral motion for an award of their attorney's fees and costs under Tennessee Code Annotated § 20-12-119(c)(1), which provides in main part:

> [I]n a civil proceeding, where a trial court grants a motion to dismiss pursuant
> to Rule 12 of the Tennessee Rules of Civil Procedure for failure to state a
> claim upon which relief may be granted, the court shall award the party or

---

[1] The claims at issue in this appeal do not directly involve TIMGMT. Accordingly, TIMGMT has adopted in full the brief filed by the Electra Defendants.

parties against whom the dismissed claims were pending at the time the successful motion to dismiss was granted the costs and reasonable and necessary attorney's fees incurred in the proceedings as a consequence of the dismissed claims by that party or parties. The awarded costs and fees shall be paid by the party or parties whose claim or claims were dismissed as a result of the granted motion to dismiss.

After hearing argument from the parties, the trial court granted the Motion to Dismiss and denied the others. The court held, *inter alia*, that the Third-Party Complaint did not allege an enforceable contract as to any of the Electra Defendants. Thus, the court found 5D's Motion to Strike, Motion for Contempt, and Motion for Default were all moot. But the court denied the Electra Defendants' oral motion for an award of attorney's fees. The court observed that the right to fees and costs under § 20-12-119(c)(1) is subject to several exceptions, including an exception for claims "that the party against whom the motion to dismiss was filed withdrew, or in good faith amended to state a claim upon which relief may be granted." Tenn. Code Ann. § 20-12-119(c)(5)(C). To qualify for the exception, the party against whom the motion to dismiss was filed must provide notice of the withdrawal or amendment "at least three (3) days before the date set for the hearing of the motion to dismiss or by the deadline for the filing of a response to the motion to dismiss, whichever is earlier." *Id*. The court inferred that "the request for fees should be specifically requested in the written motion to dismiss, to provide notice of intent to seek fees and allow the non-movant to withdraw or amend its pleading at least three days before the hearing or deadline to file a response."

This appeal followed.

## ISSUES

The dispositive issues in this appeal are:

(1) Whether the Electra Defendants waived their right to file a motion to dismiss by agreeing to an extension of time to file a "responsive pleading."

(2) Whether Tennessee Code Annotated § 20-12-119(c) requires the party against whom the dismissed claims were pending to request the award of attorney's fees and costs in the written motion to dismiss.

## ANALYSIS

### I. AGREED ORDER

The crux of 5D's argument on appeal is that the Electra Defendants waived their right to file a Rule 12.02 motion to dismiss when they agreed to an extension of time for filing a "responsive pleading."

- 3 -

"Waiver" is "[a] voluntary relinquishment by a party of a known right." *Chattem, Inc. v. Provident Life & Acc. Ins. Co.*, 676 S.W.2d 953, 955 (Tenn. 1984). The doctrine may apply "to all rights or privileges to which a person is legally entitled, whether secured by contract[,] conferred by statute, or guaranteed by the constitution." *Castillo v. Rex*, 715 S.W.3d 321, 335–36 (Tenn. 2025) (quoting *Black Diamond Coal Min. Co. v. Rankin*, 98 S.W.2d 311, 312 (Tenn. 1936)). Waiver must be "proven by a clear, unequivocal and decisive act of the party, showing a purpose to forgo the right or benefit which is waived." *GuestHouse Int'l, LLC v. Shoney's N. Am. Corp.*, 330 S.W.3d 166, 201–02 (Tenn. Ct. App. 2009) (citation omitted). "The law will not presume a waiver, and the party claiming the waiver has the burden of proving it by a preponderance of the evidence." *Jenkins Subway, Inc. v. Jones*, 990 S.W.2d 713, 722 (Tenn. Ct. App. 1998).

5D contends that the plain language of the Agreed Order evinced an intent to forgo the right to file a Rule 12 motion to dismiss. "Like other written instruments, orders and judgments should be interpreted and enforced according to their plain meaning." *Morgan Keegan & Co. v. Smythe*, 401 S.W.3d 595, 608 (Tenn. 2013). "Construction of an order or judgment of a court . . . presents a question of law." *Dill v. City of Clarksville*, 511 S.W.3d 1, 9 (Tenn. Ct. App. 2015) (citing *Corrozzo v. Corrozzo*, No. M2012-01317-COA-R3-CV, 2013 WL 4107625, at *7 (Tenn. Ct. App. Aug. 13, 2013)). "We review questions of law de novo with no presumption of correctness." *Id.* (citing *Harding Acad. v. Metro. Gov't of Nashville & Davidson Cnty.*, 222 S.W.3d 359, 363 (Tenn. 2007)).

Here, the Agreed Order provided:

> It appearing to the Court, as evidenced by the signatures of counsel below, that [5D] and the [Electra] Defendants have agreed on an extension of time until February 29, 2024 for the [Electra] Defendants **to file a responsive pleading** to the Third-Party Complaint and to respond to written discovery served along with the Third-Party Complaint.
>
> It is, therefore, ORDERED that the deadline for all Electra Defendants to file responsive pleadings to the Third-Party Complaint and to respond to any written discovery served along with the Third-Party Complaint is extended until February 29, 2024.

(Emphasis added).

We find the foregoing language does not clearly show that the Electra Defendants waived their right to file a motion to dismiss. *See GuestHouse Int'l*, 330 S.W.3d at 201–02. Moreover, we have previously acknowledged that, "outside the context of Tenn[essee] R[ule] Civ[il] P[rocedure] 15.01, Tennessee precedent seems to recognize that motions to dismiss constitute responsive pleadings." *Aylor v. Carr*, No. M2018-01836-COA-R3-CV, 2019 WL 2745625, at *5 (Tenn. Ct. App. July 1, 2019). Thus, the Electra Defendants did not waive their right to file a motion to dismiss. We also note that a motion to dismiss may

be filed anytime "before pleading if a further pleading is permitted." Tenn. R. Civ. P. 12.02. Because the motion to dismiss was filed before their responsive pleadings were filed, the motion to dismiss was timely filed. For these reasons, we agree with the trial court's decision to dismiss the third-party complaint and to deny 5D's Motion to Strike and Motion for Contempt, which were based on the Electra Defendants' alleged failure to comply with the Agreed Order. Accordingly, we affirm the dismissal of the third-party complaint as well as the denial of 5D's Motion to Strike, Motion for Contempt, and Motion for Default as moot.[2]

## II. ATTORNEY'S FEES

The Electra Defendants contend that the trial court should have granted their request for an award of attorney's fees because such award is mandated under Tennessee Code Annotated § 20-12-119(c). But 5D asserts that the court properly denied the request because the Electra Defendants did not invoke § 20-12-119(c) in their Motion to Dismiss and raised it for the first time at the motion hearing. Thus, 5D contends it lacked sufficient notice to withdraw or amend its claims under the exception in § 20-12-119(c)(5)(C).

Generally, "a party in a civil action may recover attorney's fees only if: (1) a contractual or statutory provision creates a right to recover attorney's fees; or (2) some other recognized exception to the American Rule applies, allowing for recovery of such fees in a particular case." *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 308 (Tenn. 2009). Relevant here, Tennessee Code Annotated § 20-12-119(c) mandates the award of attorney's fees and costs incurred in prosecuting a Rule 12 motion to dismiss:

> [W]here a trial court grants a motion to dismiss pursuant to Rule 12 of the Tennessee Rules of Civil Procedure for failure to state a claim upon which relief may be granted, the court **shall** award the party or parties against whom the dismissed claims were pending at the time the successful motion to dismiss was granted the costs and reasonable and necessary attorney's fees incurred in the proceedings as a consequence of the dismissed claims by that party or parties.

Tenn. Code Ann. § 20-12-119(c)(1) (emphasis added). Based on this language, we have held that an award under § 20-12-119(c) "is mandatory upon a trial court's granting of a motion to dismiss pursuant to Tenn. R. Civ. P. 12.02(6) for failure to state a claim upon which relief can be granted." *Thomson v. Genesis Diamonds, LLC*, 661 S.W.3d 121, 130 (Tenn. Ct. App. 2022) (citation omitted).

---

[2] 5D does not challenge the merits of the trial court's decision to grant the Electra Defendants' Motion to Dismiss.

However, "the mandatory nature of a statutory attorney's fee provision does not relieve a party of the responsibility to properly present the request to the court." *Charles v. McQueen*, 693 S.W.3d 262, 284 (Tenn. 2024). Thus, "[a] party may waive a claim for attorney fees [under § 20-12-119(c)] by failing to properly pursue it." *Pagliara v. Moses*, No. M2020-00990-COA-R3-CV, 2022 WL 4229930, at *4 (Tenn. Ct. App. Sept. 14, 2022). So the issue here is whether the Electra Defendants properly pursued their claim for attorney's fees and costs under § 20-12-119(c) by waiting until the motion hearing to request the award.

As we have observed before, § 20-12-119(c) "does not address when a litigant must actually request its costs that are recoverable under the statute." *Pagliara*, 2022 WL 4229930, at *4.[3] Generally, "application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Tenn. R. Civ. P. 7.02.

Federal courts interpreting the federal analogue to Rule 7.02 have construed the writing requirement as serving a notice function.[4] "By channeling litigants into a written, rather than oral, discourse with each other and the court, Rule 7(b)(1) assures that parties will know of contentions and requests in a litigation and will have the opportunity to oppose—or at least address—such views and demands." *In re Bistrian*, 184 B.R. 678, 682 (E.D. Pa. 1995); *cf. Doland v. Boone Cnty.*, 376 N.W.2d 870, 874 (Iowa 1985) ("[O]ne reason for requiring a writing is to provide a party with notice.").

But both Tennessee Rule of Civil Procedure 7.02 and Federal Rule of Civil Procedure 7.02 include an exception for oral motions "made during a hearing or trial." In that circumstance, the notice function "is satisfied when the oral motion has some connection to the trial or the matter set for hearing." *Taragan v. Eli Lilly & Co.*, 838 F.2d 1337, 1341 (D.C. Cir. 1988); *accord Stern v. Dill*, 442 N.W.2d 322, 325 (Minn. 1989) (holding that oral motions are permissible when "related to the matter then under consideration by the court"); *Wright v. Wright*, 220 P.2d 881, 884 (Colo. 1950) (allowing oral motions "incidental to the hearing itself"). "If read broadly to allow *any* oral motion during *any* hearing, regardless of the nexus between them, the exception would hobble the

---

[3] In *Pagliara v. Moses*, No. M2020-00990-COA-R3-CV, 2022 WL 4229930 (Tenn. Ct. App. Sept. 14, 2022), the defendants moved for an award under § 20-12-119(c) after the underlying dismissal was affirmed on appeal and the case was remanded for the collection of costs. *Id*. at *1. The trial court granted the motion, and the plaintiff filed a second appeal. *Id*. at *2. We held that, "[f]ollowing remand, it was too late for [the d]efendants to move for attorney fees or otherwise introduce the issue into the litigation for the first time." *Id*. at *5. We reasoned that the claim was "never before asserted" and that the case had been remanded for the limited purpose of "collection of the costs below." *Id*.

[4] Tennessee courts often look to federal precedents involving rules of civil procedure similar to our own. *See Webb v. Nashville Area Habitat for Human., Inc.*, 346 S.W.3d 422, 430 (Tenn. 2011).

writing requirement and the policies underlying it." *In re Bistrian*, 184 B.R. at 682; *see* 5 *Wright and Miller's Federal Practice & Procedure* § 1193 (4th ed., Sept. 2025 Update) ("The provision in Rule 7(b) for oral motions does not mean that on a hearing of a written motion a party may interpose a different motion for unrelated relief orally and without notice, and thereby circumvent the writing and particularity requirements of Rule 7(b)(1).").

Here, the matter set for hearing was the Electra Defendants' Motion to Dismiss; thus, the Electra Defendants' oral motion for an award of costs and fees under § 20-12-119(c) had a connection and was incidental to the matter set for hearing. Accordingly, we conclude that the motion was timely.

We also note that, "[a]s a general rule, every citizen is presumed to know the law." *Burks v. Elevation Outdoor Advert., LLC*, 220 S.W.3d 478, 492 (Tenn. Ct. App. 2006). Thus, it was unnecessary for the Electra Defendants to notify 5D of its right to withdraw or amend its claims under § 20-12-119(c)(5)(C) to avoid an award under § 20-12-119(c)(1).

### IN CONCLUSION

The judgment of the trial court is affirmed in all respects except for the denial of the Electra Defendants' Motion for Attorney's Fees and Costs, and this matter is remanded for further proceedings consistent with this opinion. Costs of appeal are assessed against the appellant, 5D Development, Inc.

_____
FRANK G. CLEMENT JR., P.J., M.S.